IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDRICK MOSLEY, AIS 233819, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-499-MHT-KFP |
| | ) | |
| SHIRLEY CUNNINGHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate at Bullock Correctional Facility in Union Springs, Alabama. Proceeding in forma pauperis, he filed this 42 U.S.C. § 1983 action against Shirley Cunningham, Warden Jones, Wexford Health Sources, Inc., Nurse McKinney, Nurse Prichard, and the Alabama Department of Corrections. Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, 28 U.S.C. § 1915 (e)(2)(B), and 28 U.S.C. §§ 1915A(b)(1)–(2), this Court is required to screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities.

After conducting its initial review of the Complaint, the Court determined that it named several defendants against whom Plaintiff asserted rambling and mostly unintelligible claims. Accordingly, on September 14, 2022, the Court entered an Order giving Plaintiff an opportunity to file an amended complaint. Doc. 5. The Order specifically stated that the amended complaint must name the individuals personally responsible for the alleged violations of Plaintiff's constitutional rights and set forth facts supporting the

claims against each individual named as a defendant, including how each defendant violated his constitutional rights and when and where the incidents occurred. *Id.* at 2.

Plaintiff filed his Amended Complaint on September 26, 2022. Doc. 6. Upon review of the Amended Complaint, the Court finds that it fails to comport with the Order of September 14, 2022. The Amended Complaint is again disjointed and unintelligible and fails to assert the material facts necessary to establish a cognizable and viable claim against a defendant. *See Fullman v. Graddick,* 739 F.2d 553, 556–57 (11th Cir. 1984). To the extent any allegation is legible, it is vague and imprecise or asserts a legal conclusion. Consequently, Plaintiff's Amended Complaint fails to identify specific facts that allow the Court to make any plausible inference that the treatment he allegedly received from a named defendant amounted to a violation of this constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted) (explaining that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") Pleadings that are general and non-specific create confusion not only for the defendant in trying to frame a responsive pleading but also for the court in trying to determine the scope of the claims. Furthermore, notwithstanding the liberality afforded pro se filings, *Hughes v. Rowe*, 449 U.S. 5 (1980), the Court may not make Plaintiff's arguments for him.

For these reasons, dismissal of the case at this juncture is the proper sanction. After affording Plaintiff an opportunity to file an amended complaint, he failed to comply with

the Order directing him to file an amended complaint that provides fair notice to the Court and a defendant of the claims being presented. The muddled and inarticulate nature of the allegations asserted in the Amended Complaint simply do not give the named defendants fair notice of any action or inaction on their part that violated a specific right of Plaintiff. Therefore, the Court concludes that dismissal is appropriate for failure to comply with the Court's Order regarding the filing of an amended complaint. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *World Thrust Films, Inc., v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995).

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.[1]

It is ORDERED that by **October 17, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon

---

[1] Plaintiff is free to file another civil action if he can file a complaint that complies with the requirements in the Order of September 14, 2022.

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 3rd day of October, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE